NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0144n.06

No. 12-3123

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 08, 2013*
DEBORAH S. HUNT, Clerk

CHICAGO INSURANCE COMPANY,           )
                                     )
    Plaintiff-Appellee,             )
                                     )
    v.                              )
                                     )
JAMES A. CAPWILL, et al,             )
                                     )
    Defendants,                     )
                                     )  ON APPEAL FROM THE
and                                  )  UNITED STATES DISTRICT
                                     )  COURT FOR THE NORTHERN
CWN GROUP, INC.; VIATICAL ESCROW     )  DISTRICT OF OHIO
SERVICES, LLC; CAPWILL & COMPANY;    )
WILLIAM T. WULIGER,                  )
                                     )
    Defendants-Appellants.          )
                                     )

BEFORE: MARTIN and ROGERS, Circuit Judges, and TARNOW, District Judge.[*]

ROGERS, Circuit Judge. This appeal began as a declaratory judgment action filed by

Chicago Insurance Company against its former insured, James Capwill, and his companies. Capwill

is currently in jail for wire fraud. Chicago Insurance originally sought a declaratory judgment stating

that Capwill's fraudulent conduct did not fall under his accounting malpractice policy. After learning

that Capwill lied on his policy application, Chicago Insurance amended its complaint to seek

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern
District of Michigan, sitting by designation.

rescission of the policy. The district court found that Capwill lied in applying for malpractice insurance, that he lied with the intent to obtain the insurance, and that the lies were material. Accordingly, the district court granted Chicago Insurance's summary judgment motion on the rescission claim. The receiver now appeals, arguing that Capwill did not lie, that he did not intend to mislead Chicago insurance, and that any lies were not material to the decision to issue the policy. The receiver also raises the affirmative defenses of laches and the statute of limitations, which were rejected by the district court, and claims that the district court abused its discretion by allowing several late amendments to Chicago Insurance's complaint.

Having had the benefit of oral argument and having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in granting summary judgment to Chicago Insurance or in permitting Chicago Insurance to amend its complaint. Because the reasoning which supports the grant of summary judgment has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning employed by that court in its Order dated December 21, 2011.

We do not read the district court's order as relying primarily on *Hutchins v. Cleveland Mutual Insurance Co.,* 11 Ohio St. 477 (1860), in determining that Capwill's answers were material to the insurance company's decision. It was sufficient for the district court to rely as it did on the undisputed testimony of Chicago Insurance's former head of underwriting, Ann Cummings, which stated that had Chicago Insurance known the truth, it would not have issued or renewed the insurance

policies at issue. *See Chicago Ins. Co. v. Capwill*, 1:01CV2588, 2011 U.S. Dist. LEXIS 147086, at *13 (N.D. Ohio Dec. 21, 2011).

Furthermore, the district court did not abuse its discretion in allowing Chicago Insurance to amend its complaint. "[T]he federal courts have a strong preference for trials on the merits." *Clark v. Johnston*, 413 F. App'x 804, 819 (6th Cir. 2011). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court acted within its discretion in applying these principles to allow Chicago Insurance to present all its claims. Furthermore, there was no undue prejudice to the receiver from this decision because the amendment adding the rescission claim occurred early in the case and subsequent amendments only added issues the parties had been discussing previously. These additional issues played no part in the district court's decision.

The first amendment that the receiver raises an issue with is the key one, as it added the rescission claim on which Chicago Insurance prevailed below. Chicago Insurance filed its motion for leave to file that amended complaint on February 3rd, 2004, a full year after the deadline for amending pleadings but only two years into a case that lasted a decade. The receiver is unable to demonstrate any prejudice due to the amendment. Therefore, the district court could grant the motion without abusing its discretion.

The receiver faces an even greater hurdle in demonstrating prejudice from subsequent amendments because they had no effect on the disposition of the case. The second amendment added an alternative theory to the rescission claim, that Chicago Insurance would have charged a

higher premium had it known the truth.  However, the district court did not consider that theory since it ruled in favor of Chicago Insurance on its original theory that it would not have issued the policy at all.  The third amendment added additional questions to which Capwill allegedly lied in response.  However, the district court found that there were factual disputes over whether Capwill answered those questions honestly, and thus did not rely on them in the summary-judgment ruling.

The receiver argues that he was prejudiced because the second and third amended complaints were filed after Chicago Insurance's agent, Landy, destroyed relevant files as part of its document retention policy.  These files allegedly demonstrated that Chicago Insurance issued policies to applicants who disclosed the risk factors that Capwill hid.  However, these files became relevant after the filing of the second amended complaint, long before they were destroyed.  The receiver knew about these files before they were destroyed, and does not explain why he did not seek to obtain them then.  The record shows that the parties sparred about the scope of discovery.  However, there is nothing in the record, except the receiver's allegations, that Chicago Insurance improperly prevented the receiver from obtaining relevant discovery.  Chicago Insurance's later amendments were filed extremely late in the case.  However, they were immaterial to the disposition of the case, reflected discussions the parties had been having for years, and did not lead to undue prejudice.  The district court did not abuse its discretion by allowing them.

Finally, the district court did not rule on the receiver's motion for leave to amend his answer to add a statute-of-limitations defense.  However, any error in this regard was harmless.  As the district court properly determined, Chicago Insurance filed its rescission claim within the applicable

statute of limitations. *See Capwill*, 1:01CV2588, 2011 U.S. Dist. LEXIS 147086, at \*27. "Although a district court's failure to state a basis for its decision to deny a motion to amend ordinarily constitutes an abuse of discretion, such an abuse amounts to harmless error where the proposed amendment would have been futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). In light of the reasoning used by the district court in its correct decision to deny the receiver's laches defense, adding a statute-of-limitations defense would have been futile. Therefore, any error in the district court's implicit denial of the motion was harmless.

We **AFFIRM** the judgment of the district court.